# McKNIGHT *v.* POHLE.

PATENTS; EVIDENCE; CONCEPTION; CONSTRUCTIVE REDUCTION TO PRACTICE;
BURDEN OF PROOF; RES JUDICATA; PATENT AS EVIDENCE.

1. The filing date of a party to an interference who takes no testimony stands for his date of conception and constructive reduction to practice.

2. The burden of proving his case beyond a reasonable doubt is on a party to an interference whose application was not filed until after the grant of a patent to his adversary.

3. The doctrine of *res judicata* does not apply so as to estop an applicant in interference from claiming against a previously granted patent of his adversary, where the record of the patent shows that the patentee had no right to make in his application the claims which are the issue of the interference.

4. In an interference between an applicant, and a patentee whose original application did not disclose the invention of the issue, and was not a proper foundation for amendments by which it was made to include such invention, the patent is not to be accepted as proof of the invention at the date of the application upon which it was granted, or evidence that the invention was made by the patentee at any time; and when the patentee relies upon his filing date, and takes no testimony, the applicant is entitled to an award of priority, if his application fully discloses the invention. (Citing *McKnight* v. *Pohle*, 22 App. D. C. 219.)

No. 347. Patent Appeals. Submitted May 14, 1907. Decided June 4, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Mr. Walter C. Pusey* for the appellant.

*Mr. Augustus B. Stoughton* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

In this case the three tribunals have substantially determined the issue against Robert McKnight, appellant, and in favor of Edwin C. Pohle, appellee. The following two counts disclose the issue:

"1. The art of treating refractory ores containing precious metals and a refractory metalloid, which consists in pulverizing the ore, mixing with the pulverized ore a quantity of haloid salt of an alkaline metal, the relative proportions of the materials being substantially those quantitatively requisite to produce, when heated in the presence of oxygen, a haloid salt of the precious metal, and oxygen salt of the alkaline metal and the refractory metalloid, roasting the mixture with free access of air and agitation at a temperature sufficient to effect the reaction mentioned, but substantially shut off from the products of combustion, until the reactions above mentioned are accomplished, and volatilizing and recovering the precious metal values as haloids or oxyhaloids; substantially as described.

"2. The art of treating refractory ores containing precious metals and a refractory metalloid, which consists in pulverizing the ore, mixing with the pulverized ore chloride of sodium, the relative proportions of the materials being substantially those quantitatively requisite to produce, when heated in the presence of oxygen, a chloride of the precious metal and an oxygen salt of the sodium and the refractory metalloid, roasting the mixture with free access of air, but shut off from the products of combustion, and until a chloride of the precious metal and an oxysalt of the refractory metalloid and the sodium is produced, and continuing the heating until the said chloride is volatilized, and carrying off and collecting the same separate and apart from the fumes of combustion of the furnace; substantially as described."

The operation described in Pohle's specification shows that the refractory ore is pulverized and mixed with common salt and sulphur, and the mixture is heated and stirred in a current of air. Chlorides or oxychlorides of the valuable metals formed

are carried off as vapors, and these vapors, condensing, consti-
tute the product of this process.

McKnight having taken no testimony, the filing date of his
application stands for his date of conception and constructive
reduction to practice. McKnight's patent issued October 29,
1901, while Pohle did not file his application until February
26, 1902, and bears the burden of proving his case beyond rea-
sonable doubt. The Examiner of Interferences found that
Pohle conceived the invention in 1887, and that McKnight's
application contained no basis for the claims in issue, while the
proof shows that McKnight derived portions of this process
from Pohle, and was not its inventor, and that the invention
was inserted in the McKnight application by amendments em-
bodying Pohle's information. Without considering the ques-
tion of actual reduction to practice by Pohle, the Examiner of
Interferences awarded him priority.

The Examiners-in-Chief, taking McKnight's application as
affording proof of conception and as a constructive reduction
to practice, felt constrained by the doctrine of *res judicata* as
applied to interference proceedings, and concluded that since
McKnight had a right to make these claims in his application,
and was entitled to a patent thereon, that his patent was a bar
to the allowance of Pohle's application. This tribunal, how-
ever, called the Commissioner's attention to their opinion that
McKnight had never filed an application which can be regard-
ed as one which is allowable to cover the counts of the issue, or
held to be a constructive reduction to practice thereof, and that
he had never obtained a patent valid to sustain the claims which
are the counts of this issue; that, lacking any constructive re-
duction to practice of those counts, and being without other
evidence, he had no evidence of any reduction to practice of
the issue of the application, and that, because of such failure
to prove a reduction to practice, Pohle, who has proof of con-
structive reduction to practice, is the prior inventor of this
issue. The Examiners-in-Chief concluded that the interference
should be dissolved and the application of Pohle should be sent
to patent. They agreed that the record of the application of

McKnight's patent discloses that McKnight had no right to make, in his application or in his patent, the claims which are the issues of this interference. Hence *res judicata* does not apply.

The Commissioner concluded that Pohle failed to establish facts which would entitle him to prevail over McKnight, if it be assumed that the latter's patent is grounded in his application as filed. The Commissioner then proceeds to review the testimony as the other tribunals had done. We therefore need not again summarize it. In *McKnight* v. *Pohle,* 22 App. D. C. 219, many of the facts important here were involved, and this court affirmed the Commissioner in sustaining a patent obtained by Pohle and Crosdale as joint inventors, which contains claims differing from the claims involved here, only in the omission of the limitation to exclusion of products of combustion from the substances treated.

All of the tribunals observed that each count of the issue includes, as part of the process which it defines, "roasting * * * with free access of air." McKnight's application for a patent, when filed, contained no suggestion of this step, while his drawing showed a closed vessel for heating the mixture of ground ore and salt. Pohle's caveat, filed years before, showed an open-ended chamber. Not until April 16, 1901, did McKnight amend his case to include roasting the mixture with free access of air. The Commissioner and the other tribunals conclude from the testimony that McKnight and Collet, his attorney, before this amendment was filed, saw the specification and claims of an application of Pohle and Crosdale for the quite similar process to that in issue, to which we have referred, which included "roasting * * * with free access of air." We will not review the testimony, which convinces us also that McKnight's amendments were obtained from Pohle in the way described by the witnesses, whose testimony is considered by all the Patent Office tribunals.

In *McKnight* v. *Pohle, supra,* in which McKnight was the junior party, this court referred to the omission of McKnight to mention the use of air in the application when filed for his

patent here involved, and in that case affirmed the decision adverse to McKnight, which decision was based in part upon the conclusion that McKnight's application, when filed, did not include this feature of the invention. The opinion of Mr. Justice Shepard in that case is most pertinent here,—especially so this conclusion: "In view of these circumstances, the testimony presented on behalf of McKnight as to his invention before January, 1900, is to be carefully scrutinized. It is significant, to say the least, that he did not disclose the invention in his application of January, 1900, if he was then in possession of the same. This omission, coupled with the fact that he failed to disclose the same until it was admittedly disclosed to him by agents of another inventor, is almost sufficient of itself to warrant the conclusion that McKnight never independently invented the invention of the issue."

The Commissioner repeats his conclusion, therefore, that McKnight's original application did not disclose the invention now in issue, and was not a proper foundation for the amendments by which it was made to include this invention, and further concludes that the patent granted upon this application is not to be accepted as proof of the invention of the issue at the date of the application, and, since the amendments were unwarranted, the patent is not to be deemed evidence of this invention by McKnight at any time. We concur in this conclusion and in the decision that Pohle was entitled to a patent upon his application, which fully disclosed the invention in issue. We see no reason to discuss here the other questions considered by the Commissioner of Patents. The conclusion that McKnight's patent does not support the invention in issue determines adversely his claim of priority of this invention.

The decision of the Commissioner of Patents is affirmed, and this opinion and decision will be certified to the Commissioner of Patents in accordance with law. *Affirmed.*